LUCIUS TETER *et al.*

*v.*

C. W. LARSON *et al.*\*

*Opinion filed October 23, 1907.*

1. APPEALS AND ERRORS—*when certificate of importance is necessary.* A decree in a proceeding, under section 25 of the general Incorporation act, to enforce the liability of stockholders for debts of the corporation is, in so far as it requires payments to be made by the various stockholders, a separate decree as to each, and if the amount so required from each is less than $1000, a certificate of importance is essential to entitle them to appeal from the Appellate Court to the Supreme Court.

2. SAME—*what does not excuse need of certificate of importance.* The fact that a decree requiring stockholders to pay, to satisfy the debts of the corporation, various amounts, none of which equals $1000, and retains jurisdiction of the case for the purpose of making a new assessment if it appears any of the defendant stockholders are insolvent, does not excuse the need of a certificate of importance on appeal from the Appellate Court to the Supreme Court, where the decree expressly finds that no inquiry has been made as to the solvency of the defendants, and it does not appear that any of them are insolvent or will be required to pay more than the amount decreed against them.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. J. W. MACK, Judge, presiding.

---

\*With this case are decided the following consolidated cases: No. 5451, *Jones* v. *Larson et al.,* No. 5453, *Colburn* v. *Same,* and No. 5454, *VanReeth* v. *Same.*

On June 23, 1902, C. W. Larson and Albert Hess, appellees, filed a bill in the circuit court of Cook county against the Continental Commercial Agency, an Illinois corporation, and certain of its stockholders, on behalf of themselves and all other creditors of said corporation who might choose to join with them, for the appointment of a receiver for said corporation, its dissolution and for other relief.

The bill alleges that the Continental Commercial Agency was organized under the laws of the State of Illinois with a capital stock of $100,000, divided into 1000 shares of the par value of $100 each, for the purpose of conducting a general collection agency business, with its principal office at Chicago, Illinois, and that the said corporation, from the time of its organization, continued to conduct said business until November 1, 1901, when it became insolvent; that it was at that time indebted to various persons in a sum of money aggregating many thousand dollars in excess of its assets; that such indebtedness now remains wholly unpaid and that said corporation has ceased to do business; alleges that on November 9, 1901, complainant Larson obtained a judgment against said corporation for the sum of $168 and costs, and that the same remains unpaid; that complainant Hess on June 20, 1902, recovered a judgment in the circuit court of Cook county against said corporation for the sum of $1587.47, and that said judgment is now in full force and effect and remains unsatisfied.

The bill further alleges that W. S. Ivins and George W. Chamberlain on September 6, 1900, subscribed for and are now the holders of one share each of the stock of said corporation, and that each of them is still indebted to said corporation for the full amount of his subscription for the said stock; that on the same day W. C. Anderson subscribed for 998 shares of the capital stock of said corporation and that no part of his subscription for said stock has been paid; that on or about September 6, 1900, the board of directors of said corporation held a meeting at its office in the city

of Chicago, at which Anderson submitted the following proposition:                                    "CHICAGO, ILL., *Sept. 8, 1900.*

*"The Continental Commercial Agency, Chicago.*

"GENTLEMEN—The undersigned respectfully represents that he has subscribed for nine hundred and ninety-eight (998) shares of stock of the Continental Commercial Agency, of the par value of ninety-nine thousand eight hundred dollars ($99,800.)    The undersigned further represents that he has for years made a special study of mercantile and collecting agency business and methods and thoroughly understands the most improved system now in use.    The undersigned agrees to impart his knowledge aforesaid to the officers and agents of said Continental Commercial Agency, and agrees to accept said 998 shares of the capital stock of said Continental Commercial Agency, fully paid and non-assessable, in full satisfaction thereof.    The undersigned further agrees to advance, in the nature of a loan, such sums of money, from time to time, as may be necessary to properly finance said Continental Commercial Agency and place it on a paying basis.

"All of which is respectfully submitted.    W. C. ANDERSON."

—that at said meeting the said board of directors passed a resolution accepting the said proposition, and that afterward, on September 15, 1900, the said stock was so issued to said Anderson; alleges that Anderson had no knowledge to impart, and has imparted none of any value to the said corporation, in payment of said stock; that the resolution passed on September 6, 1900, was fraudulent and not based on any good and sufficient consideration; that on October 11, 1900, said Anderson transferred, by assignment in writing, twenty shares of the said stock to each of the following named defendants:   William A. Jones, Theodore M. Luce, Waldo A. Williams, Hugh Montgomery, Lucius Teter, Edward VanReeth, Alfred L. Fierlein and Warren E. Colburn; that said stock was duly assigned and transferred on the books of said agency, and that each of the foregoing defendants accepted the stock so transferred to him; that none of them were *bona fide* purchasers of said stock and that no money or other valuable consideration was ever paid by either of them for the same; that each of the above named persons who was a subscriber to said stock or who

became the owner of said stock by assignment should be compelled to pay a receiver appointed herein his *pro rata* share of the debts and liabilities of said corporation after exhausting the assets of said corporation, and that if either or any of said subscribers, or their assignees, above named shall not have property enough to pay their respective portions of said indebtedness, then the remaining solvent subscribers or assignees should be required to pay their *pro rata* shares of the amount necessary to satisfy the same.

The bill makes the Continental Commercial Agency and the above named subscribers and assignees defendants, and prays for the dissolution and winding up of the affairs of the said corporation, for the appointment of a receiver, and that said receiver may be directed to pay to said creditors the amounts due them, so far as the funds in his hands will apply; that after exhausting the assets of said corporation each of the above named defendants may be decreed to pay his *pro rata* share of said debts remaining unpaid, to the extent of the unpaid portion of stock so subscribed for or assigned to him.

A number of intervening petitions were filed by creditors who came in as co-complainants. Among these was Harry Gay, who was a stockholder. Hess, one of the complainants, was also a stockholder. The demurrers of defendants to the bill were overruled. Answers setting up various defenses were interposed by all the appellants and by others, and replications thereto were filed. The cause was referred to the master to take proofs and report his findings. The master took the proofs and found the facts as to the appellants to be substantially as charged by the bill. The master found that appellants Teter, VanReeth and Colburn were each liable for unpaid stock subscriptions jointly with W. C. Anderson to the extent of $2000, and that appellant Jones was jointly liable with said Anderson for stock subscription to the amount of $2000, less the sum of $711.25, being the amount theretofore paid by Jones on

judgments against him as a stockholder, and recommended that a decree be entered in accordance with his findings and conclusions, requiring each of the appellants and of certain others to pay such sum as would be his proper proportion of the sum necessary to meet the total liabilities of the corporation, which total liabilities the master fixed at approximately $8000.

Objections filed to the master's report were overruled and re-filed as exceptions. On July 25, 1905, the court overruled the exceptions and entered a decree substantially in accordance with the recommendations of the master. The decree finds, among other things, that an assessment of eight and one-half per cent of the par value of their stock should be levied against all of the stockholders of the Continental Commercial Agency who were liable for unpaid stock subscriptions to the capital stock of said agency and the money paid to Henry W. Leman, who had been appointed as the receiver, to be applied by him to the payment of claims of the various creditors and the costs of this proceeding; that upon this assessment Lucius Teter and W. C. Anderson are jointly liable for $170; that W. C. Anderson and Warren E. Colburn are jointly liable for the same amount; that W. C. Anderson and William A. Jones are jointly liable for $103.48 and that W. C. Anderson and Edward VanReeth are jointly liable for $170. It was ordered and decreed by separate decretal orders contained in the same decree, that each of the said persons pay to the said receiver the amount so assessed against each, respectively, and that executions issue, and various other amounts were decreed against various other stockholders. All the sums so decreed, aggregating approximately $8000, were to be applied by the receiver to the satisfaction of the liabilities of the corporation. The decree states that no inquiry was made by the court as to the solvency of any of the defendants, and it is ordered and decreed that in the event any of the defendants against whom an assessment has been levied shall not have property

enough to satisfy their respective portions of such debts, then a supplemental assessment shall be ordered from time to time, after due notice to the parties herein, in such a manner that the amounts of said debts remaining unpaid by reason of the insolvency of any of said defendants against whom the said first assessment is levied, shall be divided among all the remaining solvent debtors in proportion to the amount of stock held by each.

From the decree appellants herein, and others, prayed separate appeals to the Appellate Court for the First District. The cases were consolidated for hearing and assigned to the branch court, and from the judgment of that court affirming the decree of the circuit court, Jones, VanReeth, Colburn and Teter have each prosecuted a separate appeal to this court. The cases have been consolidated in this court. Several errors have been assigned.

WILLIAM E. O'NEILL, ELMER ALLEN KIMBALL, and JAMES FRAKE, for appellants.

DAVID K. TONE, MORSE IVES, and J. L. BENNETT, for appellees.

Mr. JUSTICE SCOTT delivered the opinion of the court:

Neither of the appellants secured a certificate of importance in the Appellate Court. The suit was brought under section 25 of chapter 32, Hurd's Revised Statutes of 1905, to enforce the liability of stockholders in a corporation. The decree, in so far as it requires payment by stockholders, is, in effect, a separate decree as to each of the appellants,—a fact which they have recognized by prosecuting separate appeals. The decree against each is for less than $200. It is true that the circuit court retained jurisdiction of the cause so that it might, if necessary, hereafter render a further decree for the purpose of obtaining from solvent defendants such sums of money as might here-

after be found necessary to satisfy the debts and liabilities of the corporation in the event of the receiver being unable, on account of the insolvency of any of the defendants, to collect all the sums payment of which is required by the present decree. The decree expressly states, however, that the court has made no inquiry with reference to the solvency of any of the defendants, and it does not appear that either of the appellants will ever be called upon to pay any sum additional to that required by the decree appealed from. Each of the appellants contends that no stockholder's liability should be enforced against him, which amounts to saying that he should pay no part of the sum which he is required to pay by the present decree.

Harry Gay and Albert Hess each purchased ten shares of stock from Anderson and each paid him $1000, the par value thereof, in actual cash. Gay and Hess were parties to this suit and the court found that they were not liable as stockholders. Teter and VanReeth insist that the court erred in so finding, for the reason that Anderson had not paid for the stock, and for the further reason that Gay and Hess had notice, or should have had notice, of that fact. If this error was well assigned, the only result would be that the decree of the circuit court should be modified so that each Gay and Hess should be required to pay an amount, in each instance, less than $100 on account of his liability as a stockholder, the effect of which, so far as appellants are concerned, would be merely to reduce the decree against each a few dollars, as the total amount decreed against all of the defendants who were required to pay was approximately $8000.

Appellant Jones joins with Teter and VanReeth in the view that Gay should have been held liable, and also urges that the court erred in holding that Hugh Montgomery was not a stockholder. The amount of stock which it is contended Montgomery owned is $2000, and if he was liable at all, the decree against him would have been for a sum

equal to the total amount which Teter and VanReeth contended should have been adjudged against Gay and Hess. What has already been said in reference to the contention as to the two parties last mentioned applies with equal force to the alleged error regarding Montgomery's liability.

Of the total liabilities of the corporation as fixed by the decree, $2844.55 was found to be due said Gay and $1745.74 was found to be due said Hess. VanReeth and Teter contend that these amounts were improperly allowed. It is to be observed that neither the corporation, the receiver, nor any other person for the corporation, appeals. The only persons objecting to the allowance of these claims are two stockholders. The action of the court in decreeing the payment of money for the satisfaction of these claims against persons other than these two stockholders cannot be held erroneous where no complaint is made by such other persons. If the point made by VanReeth and Teter in this regard is well taken, the only result would be to reduce somewhat the decrees against these two appellants, and to reduce the claim allowed Hess and the claim allowed Gay less than $1000 each. The decree as against persons not complaining because said amounts were awarded to Gay and Hess would not be affected.

As to each of the appellants the questions are, merely, shall he pay the amount decreed against him, which is much less than $1000, shall he pay a smaller amount, or shall he pay nothing at all. Upon no theory can it be held that $1000 is involved in the case against either appellant. It follows that this court is without jurisdiction. *Farwell* v. *Becker,* 129 Ill. 261; *Aultman & Taylor Co.* v. *Weir,* 134 id. 137.

Each of the appeals will be dismissed.

*Appeals dismissed.*